## MERCHANTS RED BOOK CO. et al. v. STATE.

### No. 4532.

Court of Civil Appeals of Texas. Amarillo.

March 20, 1939.

Thompson, Knight, Baker & Harris, Rhodes S. Baker, and John Davis, all of

Dallas, and George Mendell, of Austin, for appellants.

William McCraw, of Dallas, and Hubert T. Faulk, of Quitman, for appellee.

FOLLEY, Justice.

On November 17, 1934, judgment was rendered in the District Court of Travis County, Texas, in favor of the State of Texas and against the Merchants Red Book Company, a dissolved corporation, and J. E. R. Chilton, Sr., a former stockholder and transferee of its assets, for the sum of $6,383.04, principal, interest and penalties, the same representing gross receipts taxes due from March 31, 1921, to September 30, 1933, under art. 7061, R.C.S. of 1925. Since J. E. R. Chilton, Jr., and Howard Chilton were also stockholders of the corporation, the court rendered judgment against each of them for $1000 as their chargeable portion of the total sum of the above judgment, the same representing the extent of the capital stock of the Merchants Red Book Company. Judgment was also rendered in favor of the State against J. E. R. Chilton, Sr., and J. E. R. Chilton, Jr., in the sum of $6,000 as owners and operators of the business formerly conducted by the corporation, as a penalty for operating such business for 120 days at $50 per day without a permit as required by arts. 7080, 7081 and 7083, R.C.S. of 1925. The business of the corporation, which was continued by J. E. R. Chilton, Sr., and J. E. R. Chilton, Jr., after its dissolution, was in the nature of a commercial agency or commercial credit reporting agency engaged in reporting for pay to retail merchants upon the credit of retail customers or individual consumers.

From this judgment an appeal was prosecuted to the Court of Civil Appeals of the Third Supreme Judicial District at Austin. By order of the Supreme Court of Texas this cause was duly transferred to this Court. Thereafter this Court certified to the Supreme Court the following question: "Is a person, firm or corporation engaged in the business of reporting for pay to retail merchants upon the credit of retail customers or individual consumers, liable for gross receipts tax under Art. 7061, R.S.1925?" On February 22, 1939 the Supreme Court applying the question to the fact situation herein presented, delivered its opinion in this cause answering such question in the negative and rendered judgment to the effect that said

cause be herein proceeded with in accordance with its opinion of said date published in 125 S.W.2d 279 (not yet reported [in State Report]). We refer to such opinion for a full statement of this cause.

Since the Supreme Court has held that the business conducted by the appellants was not such a business as to render them liable for a gross receipts tax under art. 7061, R.C.S. of 1925, it follows that the trial court erred in rendering judgment against any of the appellants for such tax, interest and penalties. Also, since art. 7083, R.C.S. of 1925, requires a permit to transact business only when the business conducted is one upon which a gross receipts tax is required by law to be paid, the trial court further erred in rendering judgment against J. E. R. Chilton, Sr., and J. E. R. Chilton, Jr., in the sum of $6000 for the penalties incurred for operating the business without a permit.

The judgment of the trial court is reversed and judgment hereby rendered that the State of Texas take nothing as against any of the appellants herein.